**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENGIZ SENGEL, <br><br> Plaintiff, <br><br> v. <br><br> DELTA CREDIT MANAGEMENT, LLC, <br><br> Defendant. | Case No. 5:20-cv-02539 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** <br><br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes CENGIZ SENGEL ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of DELTA CREDIT MANAGEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt

Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Riverside County, California, which is located within the Central District of California.

5. As reflected in its website, Defendant is a third-party debt collector.[1] Defendant is a limited liability company organized under the laws of the State of Michigan and it is registered at 2503 S. Linden Road, Suite 180, Flint, Michigan 48532-5449. Defendant regularly collects from consumers in the State of California.

---

[1] https://www.deltacollects.com/

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempt to collect upon a defaulted personal loan ("subject debt") that Plaintiff purportedly owed to Credit Ninja.

8. The subject debt was allegedly incurred by Plaintiff in order to purchase personal goods and/or services.

9. Defendant began its collection campaign by contacting Plaintiff around November 2020.

10. Upon information and belief, Defendant was attempting to collect an outstanding balance of $4,461.88 for the subject debt.

11. Upon contacting Plaintiff, Defendant informed him of its intent to collect upon the subject debt.

12. However, on at least one instance, Defendant failed to identify itself as a debt collector when it attempted to collect from Plaintiff.

13. Moreover, Defendant has failed to meaningfully disclose its identity when it placed collection calls to Plaintiff's cellular phone.

14. Defendant's collection campaign deprived Plaintiff of truthful, non-misleading information in connection with Defendant's collection efforts.

15. Frustrated over Defendant's conduct, Plaintiff spoke with his attorneys regarding her rights, resulting in expenses.

16. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though full set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692d**

4

23. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(6) prohibits, "the placement of telephone calls without meaningful disclosure of the caller's identity."

24. Defendant violated §1692d and d(6) when it did not meaningfully disclose its identity in during its collection calls.

### b. Violations of FDCPA § 1692e

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

27. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector. By failing to disclose itself as a debt collector,

5

Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from vindicating his rights.

### c. Violations of FDCPA § 1692f

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector and unlawfully designed shield itself.

30. As pled in paragraphs 14 through 17, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CENGIZ SENGEL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

 e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

 f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

33. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

34. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

 **a. Violations of RFDCPA § 1788.10 – 1788.17**

35. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

36. As outlined above, through their conduct in attempting to collect upon the subject consumer debt, Defendant violated 1788.17; and 15 U.S.C. §§1692d, e, and

f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiffs, in violation of the RFDCPA.

37. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, CENGIZ SENGEL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: December 9, 2020                    Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com